# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN PRAGER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS; and LAB. CORP. OF AMERICA HOLDINGS,<br><br>　　　　　Defendants. | Civil Action No: 3:23-cv-23413-MAS-JBD<br><br>Hon. Michael A. Shipp, U.S.D.J.<br>Hon. J. Brendan Day, U.S.M.J.<br><br>**MOTION RETURNABLE:<br>APRIL 1, 2024** |

_____

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

_____

　　　　　　　　　　　George P. Barbatsuly (GB 9571)
　　　　　　　　　　　Cecilia R. Ehresman (*pro hac admission pending*)
　　　　　　　　　　　K&L GATES LLP
　　　　　　　　　　　One Newark Center, Tenth Floor
　　　　　　　　　　　Newark, New Jersey  07102
　　　　　　　　　　　Telephone: (973) 848-4000
　　　　　　　　　　　Facsimile:  (973) 848-4001
　　　　　　　　　　　Email: george.barbatsuly@klgates.com
　　　　　　　　　　　Email: cecilia.ehresman@klgates.com

　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　Laboratory Corporation of America Holdings

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF ALLEGATIONS AND PROCEDURAL HISTORY .................3

   A.   Plaintiff's Failure to Promote, Account Assignment, and Performance Review Allegations ...................................................................................3

   B.   Plaintiff's Leave Allegations ...................................................................4

   C.   Plaintiff's Employment with Labcorp Ends and Plaintiff Files her Charge and Federal Complaint ...................................................................................5

LEGAL ARGUMENT ...................................................................................6

POINT ONE ...................................................................................7

PLAINTIFF'S TITLE VII AND ADA CLAIMS ARE TIME-BARRED TO THE EXTENT THEY RELY ON EVENTS PREDATING AUGUST 5, 2022 ...................................................................................7

POINT TWO ...................................................................................10

PLAINTIFF'S NJLAD CLAIMS ARE TIME-BARRED TO THE EXTENT THEY RELY ON EVENTS PREDATING DECEMBER 29, 2021 ...................................................................................10

POINT THREE ...................................................................................11

PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NJFLA ...................................................................................11

CONCLUSION ...................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Aubrey v. City of Bethlehem,
  466 Fed. App'x 88 (3d Cir. 2012) .................................................................9, 10

Barnett v. Rutgers Univ.,
  No. 17-2503, 2018 WL 1385664 (D.N.J. Mar. 16, 2018) ..................................11

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007).............................................................................................6

Blount v. TD Bank, N.A.,
  No. 20-18805, 2023 WL 4621881 (D.N.J. July 19, 2023) ..................................9

Brooker v. National R.R. Passenger Corp.,
  880 F. Supp. 2d 575 (E.D. Pa. 2012)...................................................................8

Caruso v. Bally's Atlantic City,
  No. 16-05021, 2019 WL 4727912 (D.N.J. Sept. 27, 2019)...............................12

Cluney v. Mon-Oc Fed. Credit Union,
  No. A-4472-04T54472-04T5, 2006 WL 2128985 (N.J. Super. Ct.
  App. Div. Aug. 1, 2006) ....................................................................................11

Griffin v. Dept. of Human Servs.,
  No. 18-14697, 2019 WL 3369783 (D. N.J. July, 26, 2019) ..............................10

Hashem v. Hunterdon Cnty.,
  No. 15-8585, 2016 WL 5539590 (D.N.J. Sept. 29, 2016)...................................7

McConnell v. State Farm Mut. Ins. Co.,
  61 F. Supp. 2d 356 (D.N.J. 1999).......................................................................12

Nat'l R.R. Passenger Corp. v. Morgan,
  536 U.S. 101 (2002).....................................................................................9, 10

O'Connor v. City of Newark,
  440 F.3d 125 (3d Cir. 2006) ................................................................................9

ii

Powell v. Advancing Opportunities,
    No. 22-00525, 2022 WL 16961387 (D.N.J. Nov. 16, 2022)...............................11

Roa v. Roa,
    985 A.2d 1225 (N.J. 2010) ................................................................10, 11

Rubas v. Hudson Cnty. Prosecutor's Office,
    No. 18-08223, 2022 WL 19521405 (D.N.J. Apr. 21, 2022) ....................7, 8, 10

Smith v. Twp. of E. Greenwich,
    519 F. Supp. 2d 493 (D.N.J. 2007)...................................................................10

Snyder v. Baxter Healthcare Inc.,
    393 Fed. App'x 905 (3d Cir. 2010) ....................................................................8

Thompson v. Anthem Cos., Inc.,
    No. 18-6676, 2019 WL 2591100 (D.N.J. June 7, 2019) ......................................9

Verdin v. Weeks Marine Inc.,
    124 F.App'x 92 (3d Cir. 2005) ...........................................................................8

**Statutes**

29 U.S.C. § 2601, et seq.........................................................................................6

42 U.S.C. § 2000e, et seq........................................................................................1

42 U.S.C. § 2000e-5(e) ...........................................................................................8

42 U.S.C. § 12101, et seq........................................................................................1

N.J.S.A. § 34:11B-1, et seq.....................................................................................3

N.J.S.A. § 10:5-1, et seq. ........................................................................................2

N.J.S.A. § 34:11B-3(i)(3) .....................................................................................11

N.J.S.A. § 34:11B-3(j) ..........................................................................................11

**Rules**

Fed. R. Civ. P. 8(a)..................................................................................................6

Fed. R. Civ. P. 12(b)(6).....................................................................................3, 6, 7

## **PRELIMINARY STATEMENT**

Defendant, Laboratory Corporation of America Holdings (incorrectly named herein as "Labcorp" and "Lab. Corp. of America Holdings") ("**Labcorp**" or "**Defendant**"), moves this Court for partial dismissal of the Complaint (Doc. 1)[1] of plaintiff, Carolyn Prager ("**Plaintiff**"). Plaintiff is a former Labcorp employee who alleges that she was unlawfully terminated in January, 2023. On December 29, 2023, Plaintiff filed this action against Labcorp, alleging a litany of employment discrimination and retaliation claims, some dating back as far as five years ago.

As detailed below, in order to be timely, Plaintiff's claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("**Title VII**"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("**ADA**"), must be based on events purported to have occurred within 300 days of Plaintiff's Charge of Discrimination (the "**Charge**") filed with the United States Equal Employment Opportunity Commission ("**EEOC**"). Plaintiff filed her Charge on June 1, 2023. Thus, her allegations regarding purported discriminatory and retaliatory acts that occurred prior to August 5, 2022, are time-barred. These events include:

(i) two separate purported instances of failure to promote – one occurring at an undisclosed time in 2019, and the other in March, 2020;

---

[1] The Complaint is hereinafter cited as "Compl."

    (ii)    two separate purported instances of unfavorable work assignments – one occurring at an undisclosed time in 2019 and the other in July, 2021; and

    (iii)    Plaintiff being placed on a performance improvement plan in January, 2022.

It is well-settled that failures to promote, unfavorable work assignments, and negative performance reviews all constitute "discrete acts" under Title VII and the ADA. Therefore, Plaintiff's claims are not saved by the "continuing violation doctrine," and her Title VII and ADA claims are time-barred to the extent that they rely on events that predate August 5, 2022.

    Similarly, for Plaintiff's claims for discrimination and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("**NJLAD**"), to be timely, they must be based on events that purportedly took place within two years of Plaintiff's federal complaint. Plaintiff filed this Complaint on December 29, 2023. Thus, her NJLAD claims are time-barred to the extent that they rely on purported discriminatory and retaliatory acts that occurred prior to December 29, 2021. These events include the purported: (i) failures to promote that occurred in 2019 and 2020; and (ii) unfavorable work assignments that occurred in 2019 and July, 2021.

Finally, Plaintiff's claims for discrimination and retaliation under the New Jersey Family Leave Act, N.J.S.A. § 34:11B-1, et seq. ("**NJFLA**"), must be dismissed in their entirety as a matter of law because Plaintiff fails to allege that any of her leaves of absence were for anything other than her own purported medical condition. The NJFLA does not provide protected leave for an individual's own serious medical condition. Consequently, Plaintiff's NJFLA claim must be dismissed in its entirety for failure to state a claim upon which relief can be granted.

### STATEMENT OF ALLEGATIONS AND PROCEDURAL HISTORY[2]

**A.   Plaintiff's Failure to Promote, Account Assignment, and Performance Review Allegations**

Plaintiff alleges that she began her employment with Labcorp on or about June 27, 2005. (Compl. ¶ 32). At some undisclosed time in 2019, Plaintiff alleges that Labcorp: (i) failed to "transfer" her to the position of Senior Marketing Executive (the "**2019 Promotion**"); and (ii) "assigned [her] less desirable accounts and territories" as compared to her male counterparts (the "**2019 Assignment**"). (Compl. ¶¶ 42-52). Thereafter, in March, 2020, Plaintiff was once again purportedly passed over for a promotion, this time for the position of Assistant Manager (the "**March 2020 Promotion**"), and in July, 2021, was again assigned "less desirable accounts and territories" as compared to her male counterparts (the "**July 2021**

---

[2] As this is a Rule 12(b)(6) motion, Defendant assumes Plaintiff's allegations to be true for purposes of this motion only.

3

**Assignment**"). (Compl. ¶¶ 53-63). On January 17, 2022, Plaintiff was placed on a performance improvement plan (the "**January 2022 PIP**"). (Compl. ¶¶ 72-81).

Plaintiff alleges that she immediately complained to Labcorp following each purported failure to promote, each undesirable work assignment, and the issuance of the January 2022 PIP, claiming that such events were based on discriminatory (gender and disability) and retaliatory reasons. (Compl. ¶¶ 34-85).

**B.    Plaintiff's Leave Allegations**

During her employment with Labcorp, Plaintiff took a series of medical leaves of absence. Specifically:

- From February 17, 2022, to May 8, 2022, Plaintiff took a "FMLA-protected medical leave of absence due to [Labcorp's] treatment of her." (Compl. ¶ 86). Her purported symptoms included "ongoing fatigue, anxious mood, and pelvic floor dysfunction" (Compl. ¶¶ 86-88);

- On June 1, 2022, Plaintiff "went out of work on maternity leave" (Compl. ¶ 95);

- On June 30, 2022, Plaintiff contracted COVID-19 and was out from work for a period of time (Compl. ¶ 109);

- On July 11, 2022, Plaintiff "began experiencing medical issues related to her disabilities which required her taking certain days off from work due to symptoms and treatment of same" (Compl. ¶ 111);

- Between July and October, 2022, Plaintiff took time off from work due to her "intermittent benign paroxysmal vertigo and neurology issues" (Compl. ¶¶ 112-123); and

- From November 1, 2022, to January 4, 2023, Plaintiff took a "FMLA-protected medical leave of absence due to her disability" (Compl. ¶¶ 127-128).

C. **Plaintiff's Employment with Labcorp Ends and Plaintiff Files her Charge and Federal Complaint**

On January 4, 2023, Plaintiff's employment with Labcorp was terminated due to her performance deficiencies. (Compl. ¶¶ 50-52). On June 1, 2023, Plaintiff filed her Charge with the EEOC, alleging that Labcorp's purported conduct violated Title VII and the ADA. (Compl. ¶ 29, Ex. 1 thereto). Plaintiff received a Notice of Right to Sue Letter, and ultimately filed this lawsuit on December 29, 2023, alleging five causes of action against Labcorp:

1. Gender discrimination and retaliation in violation of Title VII, based, in part, on purported events that took place prior to August 5, 2022, including the 2019 Promotion and March 2020 Promotion, 2019 Assignment and July 2021 Assignment, and January 2022 PIP;

5

    2.      Disability discrimination and retaliation in violation of the ADA, based, in part, on purported events that took place prior to August 5, 2022, including the 2019 Promotion and March 2020 Promotion, 2019 Assignment and July 2021 Assignment, and January 2022 PIP;

    3.      Discrimination and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.;

    4.      Gender and disability discrimination and retaliation in violation of the NJLAD, based, in part, on purported events that took place prior to December 29, 2021, including the 2019 Promotion and March 2020 Promotion, and 2019 Assignment and July 2021 Assignment; and

    5.      Discrimination and retaliation in violation of NJFLA, based on Plaintiff's various leaves of absence for her own medical condition.

(Doc. 1).

## LEGAL ARGUMENT

Where a plaintiff fails to state a claim upon which relief can be granted, the claim should be dismissed as a matter of law, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 12(b)(6). To meet the requirements of Federal Rule of Civil Procedure 8(a) and survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Where the dates in a complaint show that an action is time-barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Hashem v. Hunterdon Cnty., No. 15-8585, 2016 WL 5539590, at *6 (D.N.J. Sept. 29, 2016).

As detailed below, to the extent Plaintiff's Title VII and ADA claims are based on purported events that took place prior to August 5, 2022, those claims are time-barred because they were not filed with the EEOC within 300 days of their purported occurrence. Similarly, to the extent Plaintiff's NJLAD claims are based on purported events that took place prior to December 29, 2021, those claims are time-barred since they allegedly took place more than two (2) years prior to Plaintiff's filing of this litigation. Finally, Plaintiff's NJFLA claims must be dismissed in their entirety because the NJFLA does not provide an individual with protected leave for his/her own serious medical condition.

### POINT ONE

**PLAINTIFF'S TITLE VII AND ADA CLAIMS ARE TIME-BARRED TO THE EXTENT THEY RELY ON EVENTS PREDATING AUGUST 5, 2022**

"Under Title VII [and the ADA], a plaintiff must file an EEOC charge within 300 days after an alleged discriminatory practice." Rubas v. Hudson Cnty. Prosecutor's Office, No. 18-08223, 2022 WL 19521405, at *7 (D.N.J. Apr. 21,

7

2022) (citing 42 U.S.C. § 2000e-5(e)). "Absent a continuing violation, all discriminatory acts that are alleged to have occurred more than 300 days prior to the EEOC filing are time-barred." Id. (quoting Verdin v. Weeks Marine Inc., 124 F.App'x 92, 95 (3d Cir. 2005)) (internal quotations omitted). Plaintiff filed her EEOC Charge on June 1, 2023. (Compl. ¶ 29, Ex. 1). Accordingly, for her Title VII and ADA claims to be timely, the allegedly discriminatory and retaliatory acts upon which they are based must have occurred on or after August 5, 2022. However, Plaintiff bases her Title VII and ADA claims, in part, on purported events that predate August 5, 2022. These include the 2019 Promotion and March 2020 Promotion, the 2019 Assignment and July 2021 Assignment, and January 2022 PIP. Thus, to the extent Plaintiff relies on purported events that pre-date August 5, 2022, her claims are time-barred.

Plaintiff's time-barred claims cannot be saved by the continuing violation doctrine. "Under the continuing violation doctrine, 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brooker v. National R.R. Passenger Corp., 880 F. Supp. 2d 575, 584 (E.D. Pa. 2012) (quoting Snyder v. Baxter Healthcare Inc., 393 Fed. App'x 905, 909 (3d Cir. 2010)). The continuing violation doctrine does not apply, however, to "discrete

acts." Id. at 585 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("'discrete acts of discrimination' cannot be aggregated under a continuing violation theory.").

In Morgan, the United States Supreme Court observed that "discrete acts" include: "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, [and] wrongful accusation." 536 U.S. at 114. The Third Circuit and this Court have relied on Morgan in determining that failures to promote, unfavorable work assignments, and negative performance reviews all constitute "discrete acts" from which the statute of limitations commences. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) (classifying termination, failure to promote and denial of transfer as examples of discrete acts that are not subject to the continuing violation doctrine); Aubrey v. City of Bethlehem, 466 Fed. App'x 88, 93 (3d Cir. 2012) (same); Blount v. TD Bank, N.A., No. 20-18805, 2023 WL 4621881, at *10 (D.N.J. July 19, 2023) (dismissing as time-barred plaintiff's claims regarding, among other things, purportedly discriminatory work assignments, finding such are "discrete acts") (citing Thompson v. Anthem Cos., Inc., No. 18-6676, 2019 WL 2591100, at *4 (D.N.J. June 7, 2019) ("The Third Circuit has found that each type of act Plaintiff alleges – demotions, changes in work schedule, unwarranted disciplinary actions, and assignments of excessive work – constitutes a discrete act from which the statute of

9

limitations commences")).  Thus, since the 2019 Promotion, March 2020 Promotion, 2019 Assignment, July 2021 Assignment, and January 2022 PIP, are each discrete acts that were actionable when they occurred, Plaintiff's Title VII and ADA claims are time-barred to the extent that they rely on purported events that occurred prior to August 5, 2022, and must be dismissed.³  See Morgan, 536 U.S. at 114; Aubrey, 466 Fed. App'x at 93; Griffin v. Dept. of Human Servs., No. 18-14697, 2019 WL 3369783, at *3 (D. N.J. July, 26, 2019).

## POINT TWO

### PLAINTIFF'S NJLAD CLAIMS ARE TIME-BARRED TO THE EXTENT THEY RELY ON EVENTS PREDATING DECEMBER 29, 2021

Causes of action pursuant to the NJLAD are subject to a two-year statute of limitations period.  See Roa v. Roa, 985 A.2d 1225, 1228, 1231-32 (N.J. 2010). Plaintiff brought this lawsuit on December 29, 2023.  (Doc. 1).  Accordingly, for her NJLAD claims to be timely, they must have occurred, at most, two years prior to this lawsuit – i.e., on or after December 29, 2021.  See Rubas, 2022 WL 19521405, at *8; Smith v. Twp. of E. Greenwich, 519 F. Supp. 2d 493, 505 (D.N.J. 2007). Plaintiff, however, bases her NJLAD claims, in part, on purported events that

---

³ It is unclear whether Plaintiff's allegations in Paragraphs 90-93 of the Complaint concern a purported failure to promote based on gender or disability. To the extent these allegations do, in fact, concern a purported failure to promote based on gender or disability, Plaintiff alleges that they occurred in May, 2022, and, therefore, are also time-barred under Title VII and the ADA, respectively.

10

occurred prior to December 21, 2021, including the 2019 Promotion, March 2020 Promotion, 2019 Assignment, and July 2021 Assignment. For the same reasons set forth above in Point I, supra, these claims cannot be saved by the continuing violation doctrine, and, therefore, should be dismissed as a matter of law. See Barnett v. Rutgers Univ., No. 17-2503, 2018 WL 1385664, at *4 (D.N.J. Mar. 16, 2018)); see also Roa, 985 A.2d at 1228, 1231-32 (holding that under the NJLAD "the limitations clock begins to run on a discrete retaliatory act, such as discharge, on the date on which the act takes place").

## POINT THREE

### PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NJFLA

Finally, Plaintiff's NJFLA claim should be dismissed in its entirety for failure to state a claim upon which relief can be granted. The NJFLA allows eligible employees to take leave for providing care as a result of: (1) the birth of a child; (2) placement of a child into foster care with the employee or in connection with adoption of such child by the employee; and (3) the serious health condition of a child, parent, or spouse. N.J.S.A. §§34:11B-3(i)(3), 34:11B-3(j). The NJFLA does not cover leave for Plaintiff's own health condition. See Cluney v. Mon-Oc Fed. Credit Union, No. A-4472-04T54472-04T5, 2006 WL 2128985, at *13 (N.J. Super. Ct. App. Div. Aug. 1, 2006) ("The NJFLA is similar to the FMLA, but does not cover leave for an employee's own disability"); Powell v. Advancing Opportunities,

11

No. 22-00525, 2022 WL 16961387, at *5 (D.N.J. Nov. 16, 2022) (dismissing plaintiff's NJFLA claim, stating "[c]ritically, Plaintiff's own health condition is not an eligible reason for leave") (citing McConnell v. State Farm Mut. Ins. Co., 61 F. Supp. 2d 356, 360 (D.N.J. 1999) (finding plaintiff was ineligible for NJFLA leave prior to childbirth for plaintiff's own health condition)).

Here, Plaintiff attributes each of her purported leaves of absence to her own serious health condition. (See Compl. ¶¶ 86-88, 126-128). While Plaintiff states that she "went out of work on maternity leave" on June 1, 2022 (Compl. ¶ 95), she does not plead the reason for this leave – i.e., whether it was taken to care for her newborn child or for her own pregnancy-related disability – nor does she allege that she was terminated in retaliation for having taken "maternity leave." Rather, she alleges that, after going out on maternity leave on June 1, 2022, she was back in the office in meetings by June 27, 2022, before being absent from work on June 30, 2022, due to COVID, and later going back out on leave on July 11, 2022, due to her own medical condition. (Compl. ¶¶ 95-97, 109, 111). Consequently, Plaintiff has failed to plead that any of her alleged leaves of absence were for anything other than her own purported medical conditions. Accordingly, Plaintiff's NJFLA claims must be dismissed in their entirety for failure to state a claim upon which relief can be granted. See Caruso v. Bally's Atlantic City, No. 16-05021, 2019 WL 4727912, at *9 (D.N.J. Sept. 27, 2019) (dismissing plaintiff's NJFLA claim because plaintiff

12

only alleged her own health condition, finding the NJFLA only confers benefits in cases of a family member's serious health condition or for purposes of caring for a newly born or adopted child).

## CONCLUSION

For each of the foregoing reasons, Labcorp respectfully requests that the Court grant its motion for partial dismissal of the Complaint in its entirety, dismissing Plaintiff's: (i) Title VII and ADA claims as against it, to the extent that those claims are based on purported events that took place prior to August 5, 2022, and are, therefore, time-barred; (ii) NJLAD claims as against it, to the extent those claims are based on purported events that took place prior to December 29, 2021, and are, therefore, time-barred; and (iii) NJFLA claim in its entirety for failure to state a claim upon which relief can be granted.

| | |
|---|---|
| Dated:  February 26, 2024 | Respectfully submitted, |

George P. Barbatsuly
Cecilia Rose Ehresman (*pro hac pending*)
K&L GATES LLP
One Newark Center, Tenth Floor
Newark, NJ  07102
Telephone: (973) 848-4000
Facsimile:  (973) 848-4001
Email:  george.barbatsuly@klgates.com
Email:  cecilia.ehresman@klgates.com

Attorneys for Defendant
Laboratory Corporation of America Holdings